# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**MICHAEL E. MCKINZY, SR.,** )
)
       **Plaintiff,** )
)
**v.** )
)   **Case No. 19-2528-CM-TJJ**
**TYSON FOODS, INC., et al.,** )
)
       **Defendants.** )
_____)

## MEMORANDUM & ORDER

Pro se plaintiff Michael E. McKinzy brings this employment-discrimination action against his employer and various of its managers. He moved to proceed with this action in forma pauperis. (Doc. 3.) On September 16, 2019, Magistrate Judge Teresa J. James recommended that plaintiff's motion be denied, as plaintiff's monthly income exceeds his monthly expenses. (Doc. 4.) Plaintiff timely objected to the Report and Recommendation. Plaintiff urges the court to consider the financial hardship that his "spouse's trimalleolar ankle fracture" has caused. (Doc. 5, at 1.) Owing to that injury, plaintiff's household allegedly has incurred housing "[r]elocation costs," "unpaid outstanding medical . . . bills," and the temporary loss of his spouse's income "from January 14 . . . [to] May 19, 2019." (Doc. 5, at 1–2.)

After reviewing the Report and Recommendation, plaintiff's objections, and plaintiff's financial affidavit, the court agrees with Judge James that plaintiff's request should be denied. Title 28 U.S.C. § 1915(a) authorizes a court to permit the commencement of an action without prepayment of fees by a person submitting a supporting affidavit demonstrating that the person is otherwise unable to pay the required fees. The court has wide discretion to grant or deny permission for a movant seeking to proceed in forma pauperis; however, the court cannot act arbitrarily or deny an application on erroneous grounds.

*United States v. Garcia*, 164 F. App'x, 785, 786 n.1 (10th Cir. 2006). "[T]he movant must show a financial inability to pay the required filing fees." *Id.* (quotation marks omitted) (quoting *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005)). While plaintiff's objection shows that his household suffered a temporary loss of spousal income and incurred certain expenses, plaintiff's affidavit of financial status nonetheless shows that his household's current monthly income exceeds its expenses, including housing and medical bill expenses. (*See* Doc. 3-1, at 4–6.) Even accepting the financial hardship outlined in plaintiff's objection, therefore, plaintiff's affidavit fails to show a financial inability to pay the required filing fees.

**IT IS THEREFORE ORDERED** that the Report and Recommendation of Judge James (Doc. 4) is adopted in full. Plaintiff's motion to proceed in forma pauperis (Doc. 3) is denied. Plaintiff is ordered to prepay the full filing fee of $400 within 30 days of this order, in order for this action to proceed. Failure to pay the filing fee by that time will result in dismissal of this action without prejudice.

Dated this 30th day of September, 2019, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**
